Certiorari granted, January 7, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4042

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DESMOND OLLIVIERRE, a/k/a James Franklin
Bridges,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Cameron McGowan Currie, District
Judge.  (0:97-CR-00726-CMC-2)

Submitted: June 22, 2006                    Decided: June 28, 2006

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, Kevin F. McDonald, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Desmond Ollivierre was convicted by a jury of possession with intent to distribute crack cocaine and originally sentenced to 225 months imprisonment. Ollivierre's sentence was later vacated and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). On remand, the district court resentenced him to 210 months imprisonment. Olliviere appeals, claiming that his sentence is unreasonable because the district court refused to depart from the advisory guidelines range, which took into account the 100:1 crack to powder cocaine ratio.

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See Hughes, 401 F.3d at 546. However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 74 U.S.L.W. 3654 (U.S. May 22, 2006) (No. 05-10474).

Ollivierre's sentence was both within the properly-calculated guideline range of 210-262 months, and within the statutory maximum of life imprisonment. See 21 U.S.C. § 841(b)

(2000). Moreover, we have recently considered and rejected a post-Booker challenge to the 100:1 crack to powder cocaine ratio contained in the sentencing guidelines. See United States v. Eura, 440 F.3d 625 (4th Cir. 2006). Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED